WILLIAM M. CLARK ET AL., APPELLEES, V. HARRY J. HALL ET AL., APPELLANTS.

FILED APRIL 8, 1898.   No. 7919.

1. **Partnership:** DISSOLUTION AND ACCOUNTING. In an action brought to secure a dissolution of a copartnership and for an accounting, no demand being made by any of the partners for a reformation of the partnership contract, the court cannot, on its own motion, reform such contract nor disregard it as the basis of the rights of the litigants.

2. **Construction of Contract.** Where a written contract is the basis of an action and neither party asks for a reformation thereof, it is the duty of the court to ascertain its meaning and enforce it accordingly.

3. ———: REVIEW: PRACTICE. Where on an appeal it is evident that the trial court disposed of a case on the theory that the contract did not express the mutual understanding of the parties and was, therefore, unenforceable, this court will eliminate from the findings of the trial court the errors resulting from its failure to construe and enforce the contract and order the judgment to be modified and entered accordingly.

4. **Partnership:** ACCOUNTING: JUDGMENT AGAINST INDIVIDUAL MEMBERS: INTERVENTION BY CREDITOR. A party obtained judgments against C. and M. on claims due from them individually, but which had been assumed by a partnership of which they were members. In an action to secure a dissolution of the copartnership and for an accounting the judgment creditor intervened and asked to have his judgments satisfied out of the partnership assets. *Held*, That the remedies were consistent and concurrent and might be prosecuted together or in succession, and a judgment in favor of such intervener will be upheld.

APPEAL from the district court of Lancaster county. Heard below before TIBBETS, J.

Action by William M. Clark and John H. Mockett against Harry J. Hall and Charles E. Hall for dissolution of a copartnership and for an accounting. Eugene Favre, a creditor, intervened and asked to have his claims satisfied out of the assets of the firm. From a decree for plaintiffs and for intervener, defendants appealed. *Affirmed as to intervener and reversed as to defendants.*

*Pound & Burr*, for appellants.

*Samuel J. Tuttle, Charles S. Allen,* and *Mockett & Polk,* contra.

SULLIVAN, J.

William M. Clark and John H. Mockett brought this action against Harry J. Hall and Charles E. Hall in the district court of Lancaster county to secure a dissolution of the copartnership of which they were all members, and for an accounting. The Halls had been engaged in business as partners in the city of Lincoln under the firm name of The Hall Stove & Range Company for more than a year prior to April 4, 1891, at which time they sold a half interest in their business to Clark and Mockett. The members of the new firm executed articles of copartnership which, being necessary to a correct understanding of the main question presented for decision, are here set out:

"This agreement, made and entered into this 4th day of April, 1891, between H. J. Hall, C. E. Hall, William M. Clark, and John H. Mockett, witnesseth: That whereas the Hall Stove & Range Company has this day sold a one-fourth interest in said copartnership to J. H. Mockett for three thousand three hundred and fifty-six dollars and ninety-seven cents ($3,356.97), and that it has also sold to Wm. M. Clark a one-fourth interest in said business for the same amount, and that the said parties have this day associated themselves together in business under the firm name and style of the Hall Stove & Range Company, this is to be the partnership name in which said firm is to transact its business. H. J. Hall is the owner of a one-fourth interest in said business, C. E. Hall is the owner of a one-fourth interest in said business, all of said parties having contributed an equal amount to said copartnership, which is to continue in force and effect for the period of five years, and are to engage in the manufacture and sale of ranges, iron castings, and

any other manufactured articles which they may deem profitable to said business. Said J. H. Mockett and Wm. M. Clark are each to pay into said copartnership the sum of three thousand three hundred and fifty-six dollars and ninety-seven cents ($3,356.97), to be paid as follows, to-wit: Each one of said parties, to-wit, Clark and Mockett, are to pay five hundred dollars ($500) each on or before May 10, 1891, each of said parties to pay the further sum of two thousand dollars ($2,000) each on June 10, 1891. Each of said parties are to give to said copartnership his note for eight hundred and fifty-six dollars and ninety-seven cents ($856.97), each to bear interest at the rate of ten per cent per annum until paid. It is further agreed that H. J. Hall and C. E. Hall are each to be paid a salary of fifteen hundred dollars ($1500) per annum. The net profits of said business are to be divided one-fourth to each party. If there are any losses, they are to be borne equally, one-fourth by each party. In consideration of the payment to H. J. Hall and C. E. Hall of a salary of fifteen hundred dollars per annum each they assume and agree to manage, conduct, and run and operate said business. The said J. H. Mockett and William M. Clark are under no obligation to give any of their time or attention to said business unless they prefer to do so. The said business books of account are at all times to be open to inspection to each and every one of said partners equally. It is further agreed that none of the profits arising from said business shall be drawn out by any of the parties until the expiration of at least one year; that all of said parties consent to withdrawing of said profits at the end of such time. In view of the fact that in the opinion of H. J. Hall and C. E. Hall there is needed a larger amount of capital for the purpose of successfully conducting said business, it is further stipulated and agreed that each one of the parties to this agreement shall contribute an additional amount of capital, to-wit, eleven hundred and forty-three dollars and three cents ($1143.03). Each one of said parties agrees

and hereby binds and obligates himself to put into and contribute to said copartnership that amount of additional capital on or before one month from April 4, 1891, and any failure on the part of any of the partners herein to pay his share of the amount herein mentioned to be made, said partner shall pay to the firm ten per cent interest on the amount of his deficit.

"H. J. HALL.

"C. E. HALL.

"WM. M. CLARK.

"J. H. MOCKETT."

The true construction of this contract is the principal point upon which the parties differ. The Halls contend that they, as members of the old firm, were entitled to receive the money which Clark and Mockett agreed to pay for an interest in the business, while Clark and Mockett insist that such money was to be paid to and for the use of the new firm. In relation to this controversy the trial court made the following finding: "That said contract is indefinite, uncertain, and ambiguous in its provisions concerning the payment of the money provided to be paid by each of the plaintiffs, whether the same should be paid to the defendants Harry J. Hall and Charles E. Hall, or should be paid into and become a part of the assets of the new partnership; and as to these provisions in the said contract the court finds that there was a misunderstanding between the parties to the said agreement as to the interpretation of the terms of said provisions, and the minds of the said parties did not agree thereon." The court then proceeded to adjust the rights of the parties as though no partnership contract had been made. Clark and Mockett were credited with all money contributed by them, including what was paid as the purchase price of a half interest in the business. The actual value of the tangible assets of the old Hall Stove & Range Company was ascertained to be $9,239.05, and the Halls were given credit for that amount. They were also given credit for various other

items contributed after the organization of the new firm. In thus disregarding the articles of copartnership we think the court was in error. There was no demand by either party for a reformation of the contract. The court could not reform it on its own motion nor disregard it as the basis of the rights of the litigants. It was the duty of the court to ascertain its meaning and enforce it accordingly. Casually read, the instrument seems to imply that the money to be paid by the appellees should go into the business of the new firm; and the fact that it was so used and that the appellants took no credit therefor upon the books of the partnership gives color to the claim that such was their interpretation of the contract. Nevertheless, after much reflection, we have concluded that the parties intended that the transaction in question should be governed by the rule applicable to ordinary sales, and that the purchasers should pay the purchase price to the sellers and not to the partnership of which the purchasers were themselves members. This, we think, is the only just interpretation which can be placed upon the contract when read in the light of surrounding circumstances. It appears from the petition that before the sale the Halls represented to Clark and Mockett that the assets of the old firm were of the value of $13,427.88, and that Clark and Mockett believed the representation to be true. The purchasers then made the contract in question, believing that they were securing a half interest in a firm the assets of which were worth $13,427.88. There is in the record before us not a syllable of evidence, not a circumstance of any kind, tending to show that the appellees thought they were buying an interest in the business of the Hall Stove & Range Company for one-half of its actual value. The Halls made an inventory before the sale to ascertain the value of their assets, and the fact that each of the appellees agreed to pay for a one-fourth interest in the business exactly one-fourth of its value, as shown by the inventory, is a persuasive argument in favor of the contention of appellants. The

contract recites that each of the parties has contributed an equal amount to the copartnership. The transaction having been consummated with a mutual understanding that the assets of the old firm were worth $13,427.88, it is difficult to comprehend how the conclusion was reached that each had contributed an equal amount, except on the theory that the Halls were to receive for themselves and to their individual use the money which Clark and Mockett had agreed to pay. If this was not intended, then the parties deliberately put into their contract a statement which they all, at the time, must have understood to be false.

But appellees contend that the court was justified in disregarding the contract on the ground that they were induced to execute it by false representations made to them by the Halls touching the value of the assets of the old firm. This contention is not based upon any of the numerous findings of the trial court, and we do not think the evidence would sustain such a finding had it been made. The case was evidently disposed of on the theory that the contract did not express the mutual understanding of the parties, and was, therefore, unenforceable. Eliminating from the findings of the trial court the errors resulting from its failure to construe and enforce the contract, we find the account between the parties to be as follows: Net amount paid in by the Halls after the formation of the partnership, $2,129.51; total amount paid in by Clark and Mockett, $1,419.38; paid by the Halls in excess of the amount paid by Clark and Mockett, $710.13.

Eugene Favre recovered a judgment in the county court of Lancaster county, January 4, 1894, against Clark, Mockett, and Harry J. Hall as members of the Weir Furnace Company, and on March 13, 1894, he recovered another judgment in the same court against Clark, Mockett, Harry J. Hall, and R. M. Weir. The items of indebtedness on which these judgments were based had been assumed by the new Hall Stove & Range

Company, and, seeking to have his claims satisfied out of the assets of the copartnership, Favre asked and was permitted to intervene in this action. On the final hearing he was given judgment according to the prayer of his petition. The Halls insist that this judgment is erroneous and ask that it be reversed. Their contention is that by prosecuting the cases in the county court he irrevocably elected to look to the defendants in those actions for satisfaction of his claims and lost his right of action against the members of the Hall Stove & Range Company. We do not think this position is sound or that it is supported by any of the authorities cited in appellants' brief.* It applies to cases where a party may, in vindication of his right, choose between modes of procedure bottomed on conflicting theories. The remedies pursued by Favre were not inconsistent. They were concurrent, and might be prosecuted together or in succession. They were grounded on separate contracts—distinct co-existent rights; and the attempt to enforce one of these contracts did not involve a renunciation of the other.

As to the intervener, the judgment of the district court is affirmed. The judgment in favor of Clark and Mockett is reversed and the cause remanded with direction to the district court to enter judgment in favor of appellants against Clark for $177.53 and against Mockett for a like amount.

JUDGMENT ACCORDINGLY.

*Fowler v. Bowery Savings Bank, 113 N. Y. 450; Priestly v. Fernie, 3 Hurl. & Colt. [Eng.] 977; Scarf v. Jardine, 7 App. Cas. [Eng.] 345; Robb v. Vos, 155 U. S. 13.